[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17629
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-02914-ODE,
1:15-cr-00136-ODE-LTW-1

JAMES HENRY BANKS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 25, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

James Henry Banks, through counsel, appeals the district court's denial of

his motion to vacate sentence, 28 U.S.C. § 2255, as untimely.  In his underlying

criminal case, Banks pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119 and using, carrying, and brandishing a firearm during a crime of violence, namely, the carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Judgment was entered in that case on October 19, 2015, and Banks did not file a direct appeal.  On August 5, 2016, Banks placed his *pro se* § 2255 motion in the prison mailing system and it was docketed in the district court on August 8, 2016.  In it he argued that his sentences were unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), because, in relevant part, carjacking no longer qualified as a crime of violence under § 924(c).

In a proceeding on a motion to vacate, set aside, or correct sentence, the district court's factual findings are reviewed for clear error while legal issues are reviewed *de novo*.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review *de novo* the district court's determination regarding whether a motion to vacate is time-barred.  *See Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007).  The scope of our review of an unsuccessful § 2255 motion is generally limited to the issues enumerated in the certificate of appealability ("COA"), *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011), although it will also encompass procedural issues that must be resolved before this Court can reach the merits of the underlying claim, *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

2

Under the prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by us sitting *en banc.* *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  We recently held that law established "in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on *all* subsequent panels of this Court, including those reviewing direct appeals and collateral attacks, 'unless and until [it is] overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*.'" *United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018) (emphasis in original), *cert. denied*, No. 18–8025 (2019).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion.  28 U.S.C. § 2255(f).  The one-year period of limitations begins to run from the latest of four possible events:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

3

the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*   When a criminal defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires.  *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).   On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the definition of the phrase "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2551, 2557-58, 2563.

Collateral review under § 2255 is not a substitute for a direct appeal.  *Lynn*, 365 F.3d at 1232.  A defendant can overcome this procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error, or (2) that he is actually innocent of the crimes for which he was convicted.  *Id.*  Cause for not raising a claim can be shown when a claim "is so novel that its legal basis is not reasonably available to counsel."  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  To show actual innocence, a movant must present new, reliable evidence that he is factually innocent of the crime of conviction.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   Arguments based on legal insufficiency do not satisfy the actual-innocence standard.  *Bousley*, 523 U.S. at 623.

Section 924(c) of Title 18 of the U.S. Code provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime.  A companion "crime of violence" is defined in § 924(c) as an offense that is a felony and:

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3).  We have referred to the first clause of § 924(c)(3) as the "elements clause," while the second clause is referred to as the "residual clause."  *Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (*en banc*).

In *Ovalles*, we recently held *en banc* that 18 U.S.C. § 924(c)(3)(B)'s "residual clause"—which defines a "crime of violence," in part, as any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"—is not unconstitutionally vague because interpretation of that provision requires a conduct-based approach instead of a categorical approach.  *Id.* at 1253. We explained at length that this feature of § 924(c)(3)(B) distinguished it from the reasoning that had led the Supreme Court to strike down as unconstitutionally vague similarly worded residual clauses in the Armed Career Criminal Act and 18

5

U.S.C. § 16(b) in *Johnson*, and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), respectively. *Id.* at 1237-52.

Further, we have held that carjacking, under 18 U.S.C. § 2119, categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. *See In re Smith*, 829 F.3d at 1280. In *In re Smith*, we denied a successive application seeking leave to raise a *Johnson*-based challenge to a § 924(c) conviction that was based on a companion carjacking offense. *Id.* at 1277–78, 1281. We determined that a conviction for carjacking under § 2119 required that a defendant "take or attempt to take [the vehicle] by force and violence or by intimidation," which satisfied § 924(c)(3)(A)'s elements clause. *Id.* at 1280–81.

Banks's judgment became final on November 3, 2015, because he did not file a direct criminal appeal from his judgment entered on October 19, 2015. *See Mederos*, 218 F.3d at 1253. Accordingly, because Banks placed his § 2255 motion in the prison mailing system on August 5, 2016, and it was docketed in the district court on August 8, 2016, it is within the one-year limitations period under the AEDPA and, thus, is timely. *See* 28 U.S.C. § 2255(f)(1).

Nevertheless, although Banks's COA was limited to the issue of timeliness, his claim is procedurally defaulted. Banks could have raised his claim on direct appeal—but did not file one—and he failed to establish cause and prejudice or actual innocence to excuse not raising his claim on direct appeal. *See Lynn*, 365

6

F.3d at 1232; *McCoy*, 266 F.3d at 1248 n. 2.  Finally, his claim is foreclosed by our precedent in *Ovalles* and *In re Smith*.  *See Ovalles*, 905 F.3d at 1253; *In re Smith*, 829 F.3d at 1280.  Accordingly, although the district court erred by denying Banks's § 2255 as time-barred, the denial is affirmed based on other grounds in the record.

   **AFFIRMED.**

JILL PRYOR, Circuit Judge, concurring in judgment:

In the absence of binding prior panel precedent, I would vote to vacate the district court's denial of James Banks's 28 U.S.C. § 2255 motion.  Mr. Banks was convicted of carjacking, in violation of 18 U.S.C. § 2119, and using, carrying, and brandishing a firearm during a "crime of violence"—the carjacking—in violation of 18 U.S.C. § 924(c).  Section 924(c) contains two "crime of violence" definitions, an "elements clause" and a "residual clause."  *See Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc), *petition for cert. filed*, No. 18-8393.  In my view, the latter definition is void for vagueness under the Due Process Clause.  *See id.* at 1277 (Jill Pryor, J., dissenting).  And, as I previously have explained, I do not think that carjacking qualifies as a "crime of violence" under the former definition.  *See In re Smith*, 829 F.3d 1276, 1281-85 (11th Cir. 2016) (Jill Pryor, J., dissenting).

I therefore believe that Mr. Banks's carjacking conviction is not a valid predicate offense to support his § 924(c) conviction and sentence.  Further, considering that challenges to the constitutionality of § 924(c)'s residual clause and to most § 924(c) predicates, carjacking included, were not given serious consideration until the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), I would not apply a procedural default to bar Mr. Banks's claim.  Nevertheless, *Ovalles* and *Smith*

8

bind me, so I must concur in the majority's decision to affirm the denial of Mr.

Banks's request for relief.